UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES ALSTON,<br>                      Plaintiff,<br><br>          v.<br><br>NASSAU COUNTY CORRECTIONAL CENTER CORRECTIONAL OFFICERS JOHN DOES 1-3; DR. HENIG, *Medical Director*; DR. AHMED; JANE DOES #1-2 MEDICAL STAFF, *Support Staff*,<br>                      Defendants. | **MEMORANDUM & ORDER**<br>23-CV-02191 (HG) (JMW) |

**HECTOR GONZALEZ**, United States District Judge:

On March 17, 2023, Plaintiff Charles Alston, currently incarcerated at the Elmira Correctional Facility, filed the instant *pro se* action and asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331. ECF No. 1. By Order dated March 21, 2023, the United States District Court for the Western District of New York transferred the action to this Court. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons stated below, Plaintiff is granted 45 days from the date of this order to file an amended complaint.

## BACKGROUND

Plaintiff's complaint alleges that he was the victim of an unprovoked attack by two unnamed correctional officers while he was incarcerated at the Nassau County Correctional Facility ("NCCF"). ECF No. 1 at 3–4. Plaintiff further asserts that the sergeant on duty failed to properly supervise the correctional officers. *Id.* Plaintiff further alleges that he suffered two broken ribs as a result of the attack and claims that medical staff at the NCCF acted with deliberate indifference to his medical needs. *Id.* Plaintiff fails to provide a date for the alleged incident(s) or describe how medical staff were deliberately indifferent. Moreover, it is unclear what relief Plaintiff seeks.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011).[1]  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nonetheless, the Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1); *see also* 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

The Court liberally construes Plaintiff's allegations as arising under 42 U.S.C. § 1983, which provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred

---

[1]   Unless noted, case law quotations in this order accept all alterations and omit all internal quotation marks, citations, and footnotes.

by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see also Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right secured by the Constitution or laws of the United States; and (2) that they did so under color of state law." *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001).

Plaintiff's allegations of the use of excessive force and deliberate indifference to his medical needs may state a plausible claim for relief. However, Plaintiff failed to identify the date of the alleged incident and failed to provide sufficient factual information to identify all of the Defendants properly. In light of this Court's duty to liberally construe *pro se* complaints, the Plaintiff is given 45 days from the date of this Order to file an amended complaint. The amended complaint must properly name the Defendants. In other words, the amended complaint must identify those individuals personally involved with Plaintiff's claims, and those Defendants must be named in the caption and the statement of claim. If Plaintiff wishes to bring claims against a Defendant and does not know the individual's name, he may identify each of them as John or Jane Doe. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each Defendant named in the amended complaint. To the extent possible, Plaintiff's amended complaint must: (i) provide the names and titles of all relevant persons; (ii) describe all relevant events; (iii) state the facts that support Plaintiff's case ,including what each Defendant did or failed to do; (iv) give the dates and times of each relevant event; (v) give the location where each relevant event occurred; and (v) describe how each Defendant's acts or omissions violated Plaintiff's rights. Conclusory claims—in other words, claims without supporting factual allegations—or general claims of misconduct will not be enough. Plaintiff must provide enough information against each Defendant named in the caption and in the statement of claim to

3

provide sufficient notice of the claim against each Defendant as required by Rule 8 of the Federal Rules of Civil Procedure. Finally, Plaintiff must state whether he was a pretrial detainee or a convicted prisoner at the time of the incident(s).

As Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order.

## **CONCLUSION**

Plaintiff is granted 45 days from the date of this Order to file an amended complaint. If Plaintiff fails to file an amended complaint within the time allowed, the Court may dismiss the complaint and direct the Clerk of Court to enter judgment. No summons shall issue at this time, and all further proceedings shall be stayed for 45 days from the date of this Order. The Clerk of Court is respectfully requested to send *pro se* Plaintiff a Section 1983 complaint form and a copy of this Order, and to note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                    */s/ Hector Gonzalez*
                                                    HECTOR GONZALEZ
                                                    United States District Judge

Dated: Brooklyn, New York
       April 4, 2023